UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
Caption in compliance with D.N.J. LBR 9004-2(c)

Mester & Schwartz, P.C.
Jason Brett Schwartz, Esquire
Bar No. 4217
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

**Order Filed on August 24, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

**THERON CROMER
and MECHELA N. BAILEY**

    **Debtors**

Case No.: 16-31373-MBK

Judge: Michael B. Kaplan

### ORDER SUBMITTED UNDER 7-DAY RULE
### MODIFYING STAY AS TO MOTOR VEHICLE
### 2014 TOYOTA CAMRY

  The relief set forth on the following pages, number two (2) through four (4) is hereby

**ORDERED**.

**DATED: August 24, 2017**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

2

| | |
|---|---|
| Debtors: | Theron Cromer and Michela N. Bailey |
| Case No.: | 16-31373-MBK |
| Caption of Order: | Consent Order Modifying Stay as To Personal Property |

1. The 11 U.S.C. § 362(a) Stay as to Capital One Auto Finance, a Division of Capital One N.A., its successors and/or assigns ("Movant"), with respect to the personal property of the Debtors described as a 2014 Toyota Camry Sedan 4D SE V6, V.I.N. 4T1BK1FK9EU539665, in accordance with the agreement of the Debtors and Movant, is hereby modified and shall remain in effect PROVIDED THAT Debtors comply with the following terms and conditions:

    (a) Debtors are current on all payments owed to Movant as of June 22, 2017; and

    (b) Debtors will resume making all future regular monthly installment payments of $478.33 (subject to changes for taxes, insurance costs and late fees, if any) beginning on July 16, 2017; Debtors will timely make each payment in accordance with the terms and conditions of the lease document between Debtors and Movant.

2. Debtors will remain current on all payments ripe, due and owing under the terms of the Chapter 13 Plan. Debtors will pay Movant as an administrative expense through the Chapter 13 Plan the sum of $531.00 for attorney's fees and costs.

3. The term "payment" as set forth in Paragraph 1, supra, does not include a check that is returned due to insufficient funds, account closed, or is otherwise not capable of negotiation for any other reason.

3

| | |
|---|---|
| Debtors: | Theron Cromer and Michela N. Bailey |
| Case No.: | 16-31373-MBK |
| Caption of Order: | Consent Order Modifying Stay as To Personal Property |

4. Debtors will be in default under the Consent Order in the event that Debtors fail to comply with the payment terms and conditions set forth in Paragraph 1, *supra*. If Debtors fail to cure the default within thirty (30) days from the date of default, Movant may apply on five days' notice to counsel for Debtors and the Chapter 13 Trustee for an order lifting the automatic stay imposed under 11 U.S.C. § 362(a) and permitting Movant to exercise any rights under the lease documents with respect to the motor vehicle including, but not limited to, initiating and completing a foreclosure sale of the motor vehicle without regard to any future conversion of this matter to a different form of bankruptcy.

5. In the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtors shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payments in accordance with this paragraph, then Movant, through counsel, may file a Certification of Default setting forth said failure and Movant shall be granted immediate relief from the automatic stay provisions of Sections 362 of the Bankruptcy Code (11 U.S.C. § 362) and the Movant is then permitted to exercise any rights under the lease documents with respect to the motor vehicle including, but not limited to, initiating and completing a foreclosure sale of the motor vehicle.

4

| | |
|---|---|
| Debtors: | Theron Cromer and Michela N. Bailey |
| Case No.: | 16-31373-MBK |
| Caption of Order: | Consent Order Modifying Stay as To Personal Property |

6.      Debtors may default and cure the default under the Consent Order one (1) time. If Debtors default a second (2nd) time, Movant may serve a notice of default in accordance with Paragraphs 4, *supra*, but Debtors will not be granted an opportunity to cure the default.

7.      The failure of Movant to issue a notice of default will not be construed or act as a waiver of any of the rights of Movant under the Consent Order.

8.      Debtors waive the fourteen (14) day stay provided under Rule 4001(a)(3), F.R.B.P.